**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Bruce W. Yerkes,<br>Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.,<br>John Doe 1 (aka “Mr. Styles),<br>John Doe 2 (aka “Mr. Gillam), and<br>Jane Doe 3 (aka “Stephanie”),<br>Jane Doe 4 (aka “Ms. Mann”)<br>Defendants. | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Bruce Yerkes against United Collection Bureau, Inc., and its employees, for their repeated violations of the Fair Debt Collection Practices Act (“FDCPA”) and invasions of privacy in an attempt to collect an alleged debt.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper because the relevant acts and transactions occurred within Minnesota, Plaintiffs reside within Minnesota and Defendants transact business within Minnesota.

## PARTIES

4. Plaintiff, Bruce Yerkes, is a natural person who resides in the City of Burnsville, County of Dakota, and State of Minnesota. He is a “consumer” or a “person” affected by a

violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5. Defendant, United Collection Bureau, Inc., ("Defendant UCB") is an Ohio corporation engaged in the business of collecting debts in Minnesota. Defendant UCB's principal place of business is located at 5620 Southwyck Boulevard, Toledo, Ohio. Defendant UCB is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

6. Defendant, John Doe 1, also known as "Mr. Styles," ("Defendant Styles") is a natural person employed by Defendant UCB as a debt collector at all times relevant to this complaint. Defendant Styles is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6). Upon information and belief, Defendant Styles is located at Defendant UCB's collection agency branch at 9078 State Road 84, Fort Lauderdale, Florida 33324.

7. Defendant, John Doe 2, also known as "Mr. Gillam," ("Defendant Gillam") is a natural person employed by Defendant UCB as a debt collector at all times relevant to this complaint. Defendant Gillam is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6). Upon information and belief, Defendant Gillam is located at Defendant UCB's collection agency branch at 9078 State Road 84, Fort Lauderdale, Florida 33324.

8. Defendant, Jane Doe 3, also known as "Stephanie," ("Defendant Stephanie") is a natural person employed by Defendant UCB as a debt collector at all times relevant to this complaint. Defendant Stephanie is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Stephanie is located at Defendant UCB's collection agency branch at 9078 State Road 84, Fort Lauderdale, Florida 33324.

9. Defendant, Jane Doe 4, also known as "Ms. Mann," ("Defendant Mann") is a natural person employed by Defendant UCB as a debt collector at all times relevant to this complaint. Defendant Mann is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

Upon information and belief, Defendant Mann is located at Defendant UCB's collection agency branch at 9078 State Road 84, Fort Lauderdale, Florida 33324.

**Background on Untied Collection Bureau, Inc.**

10. On July 13, 2009, Defendant UCB's collection agency license (License No. 9263) was revoked by the State of Indiana, Office of the Secretary of State, for violations of the Indiana Collection Agency Act, Ind. Code 2591191.

11. On March 25, 2010, the State of Colorado, Department of Law, issued a Letter of Admonition to Defendant UCB for violating the Colorado Fair Debt Collection Practices Act, 12-14-130, C.R.S.

12. Defendant UCB has a record of violating the Fair Debt Collection Practices Act ("FDCPA") and state laws regulating debt collection agencies. Defendant UCB has been sued for violations of the FDCPA in excess of 200 times in the five years preceding this lawsuit, for similar violations to those described in this Complaint.

**FACTS**

13. Sometime prior to May 2010, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes ("the debt") and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On January 17, 2009, Plaintiff's son, Bennett, was born. Bennett was born with cerebral palsy. As a result of Bennett's handicap and special needs, Plaintiff's wife did not return to work after Bennett's birth and stayed home to care for Bennett full-time. Plaintiff's family lost Plaintiff's wife's $50,000 income from her job. Additionally, Plaintiff had his hours at work cut back in May 2009. Plaintiff's family has had significant difficulty paying their bills, including their mortgage.

15. As a result of the financial hardship Plaintiff's family faced, Plaintiff was unable to pay the debt and it entered a default status.

16. Upon information and belief, on or around May 2010, the debt was cosigned, placed or otherwise transferred to Defendant UCB for collection.

**United Collection Bureau Begins Its Illegal Collection**

17. On July 6, 2010, at 3:33 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the alleged debt. Plaintiff stated that he was unable to pay the debt and that he was unable to discuss the matter at that time. Plaintiff then hung up the telephone. The phone call lasted 3 minutes.

18. On July 9, 2010, at 6:51 p.m., a debt collector employed by Defendant UCB called Plaintiff. The phone call lasted six minutes. The debt collector demanded payment of the debt. Plaintiff explained that his family was having financial difficulty due to his wife resigning from her job to care for their disabled son and Plaintiff's hours at work being reduced.

19. On July 22, 2010, at 3:19 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted 13 minutes.

20. On August 16, 2010, at 4:17 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted six minutes.

21. On August 31, 2010, at 9:42 a.m., a debt collector employed by Defendant UCB called Plaintiff. The phone call lasted one minute.

22. On September 3, 2010, at 11:53 a.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted 24 minutes.

23. On September 23, 2010, at 4:53 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted 10 minutes.

24. On September 30, 2010, at 1:40 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted nine minutes.

25. On October 4, 2010, at 5:44 p.m., a debt collector employed by Defendant UCB called Plaintiff. The phone call lasted eight minutes. The debt collector demanded payment of the debt. In response, Plaintiff explained his work and family circumstances and that he was unable to pay the debt.

26. On October 7, 2010, at 10:01 a.m., Defendant Styles called Plaintiff's cell phone and left the following message:

> "Yeah, this message is for Bruce Yerkes. Um, this is Mr. Styles calling from United Collection Bureau. Bruce you need to give me a call as soon as you get this message. The number to reach me at is 866-546-1551 at extension 86922. I need you to call me with reference number 80176759. Again, my number is 866-546-1551 at extension 86922, reference number 80176759. I'll be in my office from the hours of 8:00 a.m. to 9:00 p.m. eastern time Monday through Thursday, 8:00 a.m. to 8:00 p.m. on Friday."

27. On October 11, 2010, at 4:23 p.m., Defendant Styles called Plaintiff's cell phone

and left the following message:

> "Yeah, this message is for Bruce Yerkes. Um, this is Mr. Styles calling. You need to give me a call as soon as you get this message. The number to reach me at is 866-546-1551 at extension 86922. I need you to call in with reference number 80176759. Again, my number is 866-546-1551 at extension 86922, reference number 80176759. I'll be in my office between the hours of 8:00 a.m. to 9:00 p.m. eastern time Monday through Thursday, 8:00 a.m. to 8:00 p.m. on Friday."

28. On October 19, 2010, at 8:14 a.m., Defendant Stephanie called Plaintiff's cell phone and left a the following voicemail:

> "This message is for Bruce Yerkes. Contact Mr. Gillam at 1-866-546-1551. Extension 6981. When you call my office refer to file number 80176759. My office hours of operation are from 8:00 a.m. to 9:00 p.m. eastern standard time and again my contact number is 1-866-546-1551, extension 6981."

Defendant Stephanie did not identify that she was a debt collector.

**United Collection Bureau Calls to Plaintiff's Mother**

29. On or around October 19, 2010, Defendant Gillam called Plaintiff's mother, Dorothy Yerkes', house in Iowa and left the following message:

> "This message is for Bruce Yerkes. If this isn't Bruce Yerkes, hang up or disconnect. If this is, continue to listen to this message. By continuing to listen to this message you acknowledge that you are Bruce Yerkes. You should not listen to this message so that others can here as it contains personal and private information.
>
> There will now be a three second pause to allow you to listen to this message in private.
>
> This communication is from United Collections Bureau, a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Contact Mr. Gillam at 1-866-546-1551, extension 6981. When calling my office refer to reference number 80176759. My office hours of operation are from 8:00 a.m. to 9:00 p.m. eastern standard time.
>
> And again my contact number is 1-866-546-1551, extension 6981.
>
> Ah, Bruce it is imperative that you call me today by 9:00 p.m. eastern standard time as your file contains an awesome offer that requires your immediate attention. I am looking forward to a prompt response so that we can discuss this

great offer in further detail."

30. On October 21, 2010, Ms. Yerkes called Plaintiff to inform him of the telephone message that she had received on her home voicemail. Ms. Yerkes was upset and very worried about her son and his financial situation. Ms. Yerkes had previously provided support to her son and his family to ease the difficulty they were facing after the birth of their disabled son. This message made her worry that her son's family was facing additional financial hardships.

31. Defendant UCB called Plaintiff's mother in an attempt to embarrass, harass and abuse Plaintiff to such an extent that the would feel as though he need pay the debt in order that they would leave his mother alone.

32. Prior to the phone call to Plaintiff's mother, Defendant UCB knew Plaintiff's home address, home telephone phone number and workplace. Defendant UCB had previously communicated with Plaintiff through the mail and telephone. Defendant UCB was not calling Plaintiff's mother to obtain 'location information' as that term is defined under 15 U.S.C. 1692.

**Continued Harassment by United Collection Bureau, Inc.**

33. On October 21, 2010, at 4:27 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted 13 minutes.

34. On October 21, 2010, at 4:50 p.m., a debt collector employed by Defendant UCB called Plaintiff. The phone call lasted one minute.

35. On October 21, 2010, at 8:16 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone

call lasted eighteen minutes.

36. On October 26, 2010, at 9:00 a.m., a debt collector employed by Defendant UCB called Plaintiff. The phone call lasted three minutes.

37. On October 27, 2010, at 2:03 p.m., Defendant Stephanie called Plaintiff's cell phone and left the following message:

> "Good afternoon my name is Stephanie. I am attempting to reach Bruce Yerkes. Please get in contact with me at your earliest convenience. The number here is 866-546-1551 and my extension is 86908. The reference number is 80176759. And my office hours are 8:00 a.m. to 9:00 p.m. eastern standard time. Again that number is 866-546-1551 and my extension is 86908. I'm calling in regards to a personal business matter and I'll be in my office until 9:00 p.m. tonight eastern standard time."

Defendant Stephanie did not identify herself as a debt collector during this communication.

38. On October 29, 2010, at 8:31 a.m., Defendant Mann called Plaintiff's cell phone and left the following message on his voicemail:

> "My name is Ms. Mann. This message is for Bruce Yerkes, if you're not Bruce Yerkes please hang up or disconnect. My telephone number here is 1-866-546-1551. My direct extension is 86963. Again this message is intended for a Bruce Yerkes. Again my name is Ms. Mann. My telephone number is 1-866-546-1551, extension 86963. Thank you."

Defendant Mann did not identify herself as a debt collector in this communication.

39. On November 10, 2010, at 2:39 p.m., a debt collector employed by Defendant UCB called Plaintiff. The debt collector demanded that Plaintiff pay the debt. Plaintiff explained his financial and family circumstances and that he was unable to pay the debt at that time. The phone call lasted eight minutes.

## RESPONDEAT SUPERIOR

40. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant UCB, were committed within the time and space

limits of their agency relationship with their principal, Defendant UCB.

41. The acts and omissions of Defendants Styles, Gillam, Stephanie and Mann, and other debt collectors employed by Defendant UCB, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant UCB in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principals, Defendant UCB.

43. Defendant UCB is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

**DAMAGES**

44. As a result of Defendants' repeated violations of the FDCPA, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**CAUSES OF ACTION**
**Violations of the Fair Debt Collections Practices Act**
**15 U.S.C. § 1692**

45. Plaintiffs repeat and incorporate by reference paragraphs 1 - 44.

46. Defendants violated the FDCPA, 15 U.S.C. § 1692, in their attempts to collect the debt from Plaintiff. Defendants' violations include, but are not limited to, the violations described in Paragraphs 47 – 55 of this complaint.

47. Defendant UCB 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written notice containing the information contained 15 U.S.C. § 1692g(a) within five days after Defendant UCB's initial communication with Plaintiff.

48. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692f and 1692f(1) by attempting to collect an amount of the debt that was not authorized by the agreement creating the debt or permitted by law.

49. Defendants violated 15 U.S.C. §§ 1692d and 1692d(5) by causing Plaintiff's phone to ring and engaging him in telephone conversation repeatedly with the intent to annoy, abuse, or harass Plaintiff.

50. Defendant Styles violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on October 7, 2010, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

51. Defendant Styles violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on October 11, 2010, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

52. Defendant Stephanie violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on October 19, 2010, that did not meaningfully disclose her identity and failed to disclose that the message was from a debt collector.

53. Defendant Gillam violated 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d and 1692f by leaving a message on Plaintiff's mother's voicemail on October 19, 2010, as described in Paragraph 29 of this Complaint.

54. Defendant Stephanie violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and

1692e(11) by leaving a message on Plaintiff's voicemail on October 27, 2010, that did not meaningfully disclose her identity and failed to disclose that the message was from a debt collector.

55. Defendant Mann violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on October 29, 2010, that did not meaningfully disclose her identity and failed to disclose that the message was from a debt collector.

**COUNT II.**
**Invasion of Privacy by Intrusion Upon Seclusion**

56. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

59. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

60. Leaving a message on Plaintiff's mother's voicemail, which disclosed the

existence of Plaintiff's debt, is an example of Defendants' conduct which violated Plaintiff's right to financial privacy.

61. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

62. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

63. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff Bruce Yerkes respectfully requests that judgment be entered against Defendants for the following:

### COUNT I.
### Violations of the Fair Debt Collection Practices Act

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

3. For an award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

### COUNT II.
### Invasion of Privacy by Intrusion Upon Seclusion

4. For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

5. For such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **4/7/11**

**s/ Mark L. Heaney**

Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile: (952) 544-1308
Email: mark@heaneylaw.com
***Attorney for Plaintiff***

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Plaintiff Bruce Yerkes, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**s/ Bruce Yerkes**
Bruce Yerkes

Subscribed and sworn to before me
this **7th** day of **April**, 2011.

**s/ Alicia Harwood**
Notary Public