UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRUCE W. YERKES, | Case No. 11-CV-853(JRT/TNL) |
| Plaintiff, | |
| v. | **NOTICE OF AND ORDER FOR PRETRIAL SCHEDULING CONFERENCE** |
| UNITED COLLECTION BUREAU, INC. ET AL., | |
| Defendants. | |

---

TO:   Plaintiff above-named and Plaintiff's attorney Mark L. Heaney, Heaney Law Firm, LLC., 13911 Ridgedale Drive, Suite 110, Minnetonka, MN 55305;

Defendants above-named and Defendants' attorney Christopher R Morris, Bassford Remele, PA., 33 South 6th Street, Suite 3800, Minneapolis, MN 55402-3707.

If counsel for all parties are not listed above, it shall be the responsibility of Plaintiff's counsel (1) to immediately notify those parties and counsel of this conference, and (2) to immediately inform those parties and counsel of the requirements set forth in this notice and order.

## I.   DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel in the above matter shall be held in Chambers 342, at U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101, on **Friday, May 27 at 9:00 a.m.,** before United States Magistrate Judge Tony N. Leung to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

## II.     MEETING, REPORTS AND DISCLOSURES REQUIRED

A. Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet no later than 21 days before the pretrial conference, to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2.

B. If the case does not settle, no later than 14 days after the parties conduct their 26(f) meeting, counsel shall jointly prepare and file electronically on ECF, in compliance with the Electronic Case Filing Procedures for the District of Minnesota, a complete written report of the Rule 26(f) meeting.  A copy of the report shall also be delivered to chambers no later than 14 days after the parties conduct their 26(f) meeting, at the following e-mail address:  leung_chambers@mnd.uscourts.gov.
The report shall include:

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

    a. The date and place at which the meeting was held;

    b. Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

    c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

    d. An agenda of matters to be discussed at the Pretrial Conference.

2. **Description of the case**

    a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description, and in cases involving a limited liability corporation as a party, the concise statement shall also include a brief description of the availability of diversity jurisdiction;

    b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

      c.      A summary itemization of the dollar amount of each element of the alleged damages.

**3.**   **Pleadings**

      a.      A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

      b.      The date by which all motions that seek to amend the pleadings or add parties will be filed; and

      c.      Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**4.**   **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

      a.      The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

      b.      Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

      c.      Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

      d.      The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

      e.      The number of interrogatories each party shall be permitted to serve;

      f.      The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

      g.      The number of expert depositions each party shall be permitted to take; and

      h.      A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**5.**      **Close of Discovery and Non-Dispositive Motions**

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**6.**      **Dispositive Motions and Trial**

      a.      The date by which all dispositive motions shall be served, filed and heard;

      b.      The date by which the case shall be ready for trial;

      c.      The number of expert witnesses each party expects to call at trial; and

      d.      Estimated trial time (including jury selection and instructions, if applicable).

C.      Unless otherwise agreed by counsel, the initial disclosures shall be exchanged no later than the time limits set forth by Rule 26(a)(1).

D.      **No later than seven (7) days before the Rule 16 conference, each party shall also submit a Letter/Memorandum concerning settlement—including without limitation, whether the case is appropriate for early settlement or alternative dispute resolution—which shall remain confidential between the Court and that party. The confidential settlement letter shall be delivered to Magistrate Judge Leung's chambers via e-mail to leung_chambers@mnd.uscourts.gov <u>or</u> by U.S. Mail (not both).**

III.  **EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)**

If the parties consent to have this matter tried before the Magistrate Judge, <u>all counsel must jointly sign</u> the attached form by the date of the pretrial conference. Send the completed form directly to the chambers of United States District Court Judge John R. Tunheim, at the following e-mail address: tunheim_chambers@mnd.uscourts.gov.

IV.  **REMEDIES**

Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: May 10, 2011         *s/ Tony N. Leung*
　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　U.S. Magistrate Judge